Citation Nr: AXXXXXXXX
Decision Date: 06/30/21 Archive Date: 06/30/21

DOCKET NO. 200128-64637
DATE: June 30, 2021

ORDER

Readjudication of the claim of entitlement to service connection for bilateral hearing loss is not warranted.

Readjudication of the claim of entitlement to service connection for tinnitus is not warranted.

FINDING OF FACT

New and relevant evidence has not been received with respect to the claims for service connection for bilateral hearing loss and tinnitus.

CONCLUSION OF LAW

The criteria for readjudicating the claims for service connection for bilateral hearing loss and tinnitus have not been met. 38 C.F.R. §§ 3.2500, 3.2501.

REASONS AND BASES FOR FINDING AND CONCLUSION

For VA purposes, the Veteran had honorable service in the United States Army from July 1980 to March 1983. See December 2016 Administrative Decision.

The Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA), was signed into law on August 23, 2017. This law created a new framework for veterans dissatisfied with VA's decision on their claim to seek review.

These matters come before the Board of Veterans' Appeals (Board), under the AMA, as a direct review of a Department of Veterans Affairs (VA) Agency of Original Jurisdiction (AOJ) rating decision dated in September 2019.

Initially, in a July 2017 rating decision, the AOJ denied the Veteran's claim of entitlement to service connection for bilateral hearing loss. Subsequently, in December 2017, the Veteran filed a new claim of entitlement to service connection for bilateral hearing loss and tinnitus, which was denied in a January 2018 rating decision; and notice of the decision was sent to the Veteran in January 2018.

Thereafter, in April 2019, the Veteran filed a new claim of entitlement to service connection for bilateral hearing loss and tinnitus using VA Form 21-526EZ. In May 2019, VA notified the Veteran that his April 2019 request had not been filed with the proper form. In June 2019, the Veteran filed VA Form 20-0996 Request for Higher-Level Review. The Veteran noted that he had received notice of a VA decision in May 2019 regarding his hearing loss and tinnitus. However, as noted, the Veteran received notice of the January 2018 rating decision in January 2018. Subsequently, in June 2019 VA notified the Veteran that his June 2019 request could not be accepted because he was requesting review of a decision that was made prior to the change in law on February 2019.

More recently, in August 2019, the Veteran filed Form 20-0995 Supplemental Claim Application requesting review of VA decisions dated in July 2017 (hearing loss) and January 2018 (tinnitus). The AOJ issued a September 2019 rating decision, which denied the Veteran's claims of entitlement to service connection for bilateral hearing loss and tinnitus. In February 2020, the Veteran timely appealed the September 2019 rating decision to the Board and requested a direct review of the evidence by a Veterans Law Judge.

New and Relevant Evidence

The Veteran seeks readjudication of his claims of entitlement to service connection for bilateral hearing loss and tinnitus.

Under the AMA framework, "a claimant or his or her authorized representative, if any, who disagrees with a prior VA decision may file a supplemental claim... If new and relevant evidence is presented or secured with respect to the supplemental claim, the agency of original jurisdiction will readjudicate the claim taking into consideration all of the evidence of record." See 38 C.F.R. §§ 3.156(d), 3.2501.

VA will readjudicate a claim if new and relevant evidenced is presented or secured. Id. "Relevant evidence" is evidence that tends to prove or disprove a matter in issue. 38 C.F.R. § 3.2501(a)(1)). As the statutory definition of "relevant" does not require that the evidence relate to an unestablished fact necessary to substantiate the claim or raise a reasonable possibility of substantiating the claim; "new and relevant" evidence is a lower standard than the previous "new and material" evidence standard. If new and relevant evidence is not presented or secured, the agency of original jurisdiction will issue a decision finding that there was insufficient evidence to readjudicate the claim.

The evidentiary record for a supplemental claim includes all evidence received by VA before VA issues a notice of a decision on the supplemental claim. For VA to readjudicate the claim, the evidentiary record must include new and relevant evidence that was not of record as of the date of notice of the prior decision. 38 C.F.R. § 3.2501(b). Upon receipt of a substantially complete supplemental claim, VA's duty to assist in the gathering of evidence is triggered and includes any such assistance that may help secure new and relevant evidence to complete the supplemental claim application. 38 C.F.R. § 3.2501(c).

1. Whether new and relevant evidence has been received to readjudicate a claim of entitlement to service connection for bilateral hearing loss.

The Board has carefully reviewed the evidence of record and finds that new and relevant evidence has not been received, and readjudication of the claim for service connection for bilateral hearing loss is not warranted.

As noted, in January 2018 VA issued notice of the January 2018 rating decision, which denied the Veteran's claim of entitlement to service connection for bilateral hearing loss.

The Veteran had one year from the receipt of the rating decision to submit a notice of disagreement (NOD) to initiate an appeal. 38 U.S.C. § 7105(b).

In this case, the Veteran attempted to file a new claim of entitlement to service connection for his bilateral hearing loss and tinnitus in April 2019, which was more than a year after VA issued notice of the January 2018 rating decision. Thus, the Board finds that the January 2018 rating decision is final.

At the time of the January 2018 rating decision, the substantive evidence of record included the Veteran's service treatment records, which were silent regarding any complaint or treatment of hearing loss, post-service treatment records showing a diagnosis of bilateral sensorineural hearing loss; a December 2017 VA examination; and a December 2017 VA examiner's opinion that it was less likely than not that the Veteran's bilateral hearing loss was incurred in, or caused by exposure to hazardous noises in service. The AOJ denied the Veteran's claim because the evidence of record did not establish a nexus between the Veteran's bilateral hearing loss and service.

Since the January 2018 rating decision, medical evidence has been added to the record.

In February 2018, the Veteran submitted a copy of his June 1983 Report of Medical History. The Board notes however, that a copy of the June 1983 Report of Medical History had been a part of the Veteran's record prior to January 2018. See August 2016 STR - Medical. Thus, the Board finds that the service treatment record received in February 2018 is not new evidence.

In February 2018, the Veteran submitted a copy of his medical treatment records, which were not a part of the Veteran's record prior to January 2018. As noted, the reason for the prior final denial of the Veteran's claim of entitlement to service connection for bilateral hearing loss was because there was no evidence establishing that the Veteran's hearing loss was related to service. The February 2018 treatment records establish current treatment of the Veteran's bilateral hearing loss from at least October 2017; however, the February 2018 treatment records do not relate to the issue of whether the Veteran's bilateral hearing loss is related to service. Similarly, the January 2018 VA treatment record, which the Veteran submitted in April 2019, establishes treatment of the Veteran's hearing loss in January 2018, but does not relate to the issue of whether the Veteran's hearing loss is related to service.

Therefore, the Board finds that with regard to the claim of entitlement to service connection for bilateral hearing loss, no new and relevant evidence has been received since the January 2018 prior final decision, and the Veteran has not submitted evidence to establish a nexus between the Veteran's claimed bilateral hearing loss and service. The treatment records submitted in February 2018 and April 2019 do not establish a nexus between the Veteran's claimed bilateral hearing loss and service.

Accordingly, the Board finds that new and relevant evidence has not been received, and readjudication of the claim for service connection for bilateral hearing loss is not warranted. 38 U.S.C. § 5108, 7105; 38 C.F.R. § 3.156.

In reaching the above conclusions, the Board has considered the applicability of the benefit of the doubt doctrine. The Board notes that under the provisions of 38 U.S.C. § 5107(b), the benefit of the doubt is to be resolved in the claimant's favor in cases where there is an approximate balance of positive and negative evidence in regard to a material issue. However, as the preponderance of the evidence is against the Veteran's claim, that doctrine is not applicable in the instant appeal. See 38 U.S.C. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

2. Whether new and relevant evidence has been received to readjudicate a claim of entitlement to service connection for tinnitus.

The Board has carefully reviewed the evidence of record and finds that new and relevant evidence has not been received, and readjudication of the claim for service connection for tinnitus is not warranted.

As noted, in January 2018 VA issued notice of the January 2018 rating decision, which denied the Veteran's claim of entitlement to service connection for bilateral tinnitus. The Veteran did not appeal this decision and it is final. 38 U.S.C. § 7105(b).

At the time of the January 2018 rating decision, the substantive evidence of record included the Veteran's service treatment records and post-service treatment records, which were silent regarding any complaint or treatment of tinnitus; a December 2017 VA examination which indicated that the Veteran did not report having tinnitus. The AOJ denied the Veteran's claim because the evidence of record did not establish a current tinnitus disability.

As noted, since the January 2018 rating decision, medical evidence has been added to the record.

In February 2018, the Veteran submitted a copy of his June 1983 Report of Medical History. The Board notes however, that a copy of the June 1983 Report of Medical History had been a part of the Veteran's record prior to January 2018. See August 2016 STR - Medical. Thus, the Board finds that the record received in February 2018 is not new evidence.

In addition, in February 2018, the Veteran submitted a copy of his medical treatment records, which were not a part of the Veteran's record prior to January 2018. As noted, the prior final decision in January 2018 denied entitlement to service connection for tinnitus because there was no evidence establishing that the Veteran currently had tinnitus. The treatment records submitted in February 2018 are silent regarding any complaints or treatment of tinnitus.

Similarly, the January 2018 VA treatment record, which the Veteran submitted in April 2019, is silent regarding any complaints or treatment of tinnitus.

Therefore, the Board finds that with regard to the claim of entitlement to service connection for tinnitus, no new and material evidence has been received since the January 2018 prior final decision, and the Veteran has not submitted evidence to establish that the Veteran currently has tinnitus. The treatment records submitted in February 2018 and April 2019 are silent regarding any complaints or treatment of tinnitus.

Accordingly, the Board finds that new and relevant evidence has not been received, and readjudication of the claim for service connection for tinnitus is not warranted. 38 U.S.C. § 5108, 7105; 38 C.F.R. § 3.156.

In reaching the above conclusions, the Board has considered the applicability of the benefit of the doubt doctrine. However, as the preponderance of the evidence is against the Veteran's claim, that doctrine is not applicable in the instant appeal. See 38 U.S.C. § 5107(b); Gilbert, supra.

 

 

D. SMART

Acting Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board G. Johnson

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.